UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RAYMOND CAMACHO,**

    **Plaintiff,**

v.                                        Case No.

**SURGERY PARTNERS, INC.,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **RAYMOND CAMACHO** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **SURGERY PARTNERS, INC.** ("Defendant") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 *et seq.*, the Florida Civil Rights Act ("FCRA") Fla. Stat. §760.01 *et seq.*, and 29 USC §2601 *et seq.*, known as the Family and Medical Leave Act of 1993 ("FMLA").

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.,

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the ADA and the FCRA.

10. At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

12. At all times material hereto, Defendant was an "employer" within the meaning of the FMLA.

13. Defendant continues to be an "employer" within the meaning of the FMLA.

14. At all times material hereto, Plaintiff was a protected employee under the FMLA.

15. At all times material, Plaintiff worked at least 1,250 hours within the last year of his employment.

16. At all times material, Defendant was a covered employer under the FMLA, who met the requisite 50 employee threshold at Plaintiff's workplace.

17. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

18. Plaintiff began his employment with Defendant in or around July 2018. Plaintiff was employed by Defendant as an Orderly and Materials Manager until his unlawful termination on or around February 18, 2020.

19. During his tenure, Plaintiff was an exceptional performer for Defendant. Plaintiff never received any discipline or reprimands.

20. However, despite being an excellent employee, he was subjected to disparate treatment in the workplace and as a result, was retaliated against by Defendant.

21. Plaintiff was subjected to disparate treatment based on his disability and was ultimately denied rights under the FMLA.

22. Plaintiff notified Defendant of his qualified disability and need for an accommodation. Plaintiff also disclosed his medical conditions to Defendant and need for protected leave.

23. Instead of engaging in an interactive process with Plaintiff to accommodate his needs, Defendant terminated Mr. Camacho for requesting a reasonable accommodation.

24. Even though the accommodations that Plaintiff requested were necessary and did not pose an undue burden on the Defendant, Defendant denied his requests.

25. Plaintiff complained to Defendant about the disparate treatment and retaliation he had been subjected to in the workplace.

26. Defendant failed to take any remedial action and instead terminated Plaintiff for engaging in such protected activity.

27. Plaintiff was clearly subject to materially adverse employment action by Defendant.

28. Defendant took adverse employment action against Plaintiff for engaging in protected activity under the ADA, the FMLA, and the FCRA by terminating his employment.

29. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under the ADA, the FMLA, and the FCRA.

30. Defendant's reason for terminating Plaintiff is pretext.

## COUNT I – FCRA VIOLATION (DISCRIMINATION)

31. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. Plaintiff is a member of a protected class under the FCRA.

33. Plaintiff was subjected to disparate treatment.

34. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

35. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

  (f)  Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT II – FCRA RETALIATION

36. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 30 of this Complaint as though fully set forth herein.

37. Plaintiff is a member of a protected class under the FCRA

38. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

39. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

40. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

  (a)  Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

  (b)  Enjoin and permanently restrain Defendant from further violations of the FCRA;

  (c)  Award back pay to Plaintiff plus interest and all benefits;

  (d)  Award liquidated damages to Plaintiff;

  (e)  Award reasonable attorney's fees and costs to Plaintiff; and

  (f)  Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT III – FMLA INTERFERENCE

41. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint as though fully set forth herein.

42. Plaintiff was eligible for FMLA.

43. Defendant is a covered employer as defined by the FMLA.

44. Plaintiff took leave for a serious health condition under the FMLA.

45. Defendant interfered with, restrained, or denied Plaintiff the exercise of or the attempt to exercise Plaintiff's FMLA rights, including, denying to reinstate full benefits and conditions of his employment and terminating Plaintiff's employment.

46. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

47. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this arbiter:

(a) Enter a judgment that Defendant's interference of Plaintiff's rights was in violation of the FMLA;

(b) Enjoin and permanently restrain Defendant from further violations of the FMLA;

(c) Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

(d) Award front pay to Plaintiff;

  (e)  Award liquidated damages to Plaintiff;

  (f)  Award reasonable attorney's fees and costs to Plaintiff; and

  (g)  Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT IV - FMLA RETALIATION

48. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 30 of this Complaint as though fully set forth herein.

49. Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA.

50. Defendant retaliated against Plaintiff for exercising or attempting to exercise Plaintiff's FMLA rights by terminating Plaintiff.

51. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

52. Plaintiff was injured due to Defendant' willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this arbiter:

  (h)  Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA;

  (i)  Enjoin and permanently restrain Defendant from further violations of the FMLA;

  (j)  Award back pay to Plaintiff plus interest and all benefits;

  (k)  Award liquidated damages to Plaintiff;

  (l)  Award reasonable attorney's fees and costs to Plaintiff; and

  (m)  Additional relief to which Plaintiff is entitled, including equitable relief.

## **COUNT V —ADA VIOLATION**
### (DISCRIMINATION)

53. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

54. Plaintiff is a member of a protected class under the ADA.

55. Plaintiff was subjected to disparate treatment.

56. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

57. Defendant's actions were willful and done with malice.

58. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## **COUNT VI — ADA RETALIATION**

59. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

60. Plaintiff is a member of a protected class under the ADA.

61. Plaintiff exercised or attempted to exercise his rights under the ADA, thereby engaging in protected activity under the ADA.

62. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating his employment.

63. Defendant has taken material adverse action against Plaintiff.

64. Defendant's actions were willful and done with malice.

65. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 16th day of February, 2022.

Respectfully submitted,

*/s/ Chad A. Justice*
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE FOR JUSTICE LLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: chad@getjusticeforjustice.com
**Attorney for Plaintiff**